LDA

CA 06 363 T

IN THE UNITED STATES DISTRICT COURT

Matthew Falcone
31 America ST
Providence, RI 02903

Plaintiff,

v.

Option One Mortgage
301 Metro Center Blvd.
Warwick, RL 02886

South County Mortgage Corp
120 Old Mountain Road
Richmond, RI 02892

Defendant.

Case No.

**VERIFIED COMPLAINT FOR VIOLATIONS OF THE TRUTH-IN-LENDING ACT (BY WAY OF RECOUPMENT), REQUEST FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT, AND VIOLATIONS OF RHODE ISLAND'S UNFAIR AND DECEPTIVE PRACTICES ACT**

**PARTIES**

1. Comes now the Plaintiff, Matthew Falcone a resident of the State of Rhode Island (Herein known as the Plaintiff) residing at 31 America St, Providence, RI 02903.

2. The Defendant, Option One Mortgage. (Herein known as the Lender) is, and at all times herein mentioned was a duly charted corporation, authorized to engage in the mortgage lending business in the State of Rhode Island with their primary business address being 301 Metro Center Blvd., Warwick, RI 02886

3. The Defendant, South County Mortgage Corp (Herein know as the Broker) is, and at all times herein mentioned was the Plaintiffs Mortgage Broker a financial entity authorized to do business in the State of Rhode Island with their primary business location being 120 Old Mountain Road, Richmond, RI 02892.

**VENUE**

4. This honorable court is the proper court to bring this action in since Plaintiff lives in this district and the offense occurred in this district as well. In accordance with Title 28 USC 1391 venue is proper.

**JURISDICTION**

5. The Jurisdiction of this Honorable Court is invoked pursuant to Title 28 USC 1331, 1337, Title 15 U.S.C. 1640 and 15 U.S.C. 1635. This Honorable Court is invoked pursuant to Title 28 USC 1367 for RI-ST 6-13.1-2 and the State Tort of Unjust Enrichment. This Honorable Court has jurisdiction to make a Declaratory Judgment pursuant to Title 28 USC 2201 and grant injunctive relief pursuant to F.R.C.P. Rule 65 in order to preserve it's ability to rule on the matters of this case.

**FACTS OF THE CASE**

6. On or about December, 2, 2004 the Plaintiffs entered into a consumer credit transaction (hereinafter known as, "the transaction") with the Lender in which the extended consumer credit was subject to a finance charge initially payable to the Lender.

7. The federally related mortgage loan transaction at the root of this case is a loan covering real property, which was then and now, remains the permanent residence and Dwelling of the Plaintiffs in which the Lender took a security interest in. See Plaintiff's received copy of loan documents incorporated to this pleading as Exhibit A as a true and accurate copy of what was received by the Plaintiffs after closing from the Lender.

8. After and before the consumer credit transaction the Plaintiff received copies of loan documents that were not given in a clear and conspicuous manner, in that the Plaintiff only received one right to cancel, and the amount finance was understated by more the $95.00.

9. The Plaintiffs paid a Yield Spread Premium fee of $1,805 to Broker outside of closing. (See Exhibit A Hud-1)

10. The Plaintiff is not aware of any services the Broker provided that would justify compensation of $1,805 paid by the Lender to the Broker especially since the Plaintiffs were already charged $2,707.50 broker fee and a $593.00 application fee (See exhibit A Hud-1).

11. The Lender and Broker disclosed to the Plaintiff that the brokers fee would only be $3,300.50 (See Exhibit A Summary

of Terms of your Loan Disclosure) which the Plaintiff to believe that there would be no other fees for services rendered.

12. The Lender intends to begin foreclosing on Plaintiff's property on August 11, 2006

13. The Plaintiff wishes to reserve the right to amend and add to these facts.

**FIRST CAUSE OF ACTION TILA VIOLATION, DECLARATORY JUDGMENT ON RESCISSION BY WAY OF RECOUPMENT**

14. This consumer transaction was subject to the Plaintiff's right of rescission as described by 15 USC 1635 and Regulation Z 226.23 ( 12 CFR 226.23)

15. In the course of this consumer credit transaction Defendant failed to deliver all "material " disclosures required by the Truth and Lending Act and Regulation Z, including the following but not limited to:

The documents failed to contain two rights to rescind pursuant to 12 C.F.R. 226.23, the Plaintiff failed to receive two copies of the right to rescind, and the amount financed is understated by $95.00

16. The Plaintiffs has a continuing right to rescind the transaction until the third business day after receiving both the proper right to cancel notice and all material disclosures, up to three years after the consummation of the transaction.

15. As a result of the aforesaid violations of the Truth and Lending Act and Regulation Z, pursuant to 15 USC 1635 (a), (b), 15 USC 1640, the Lender should be enjoined from bringing the any foreclosure and is liable to Plaintiff for:

Rescission of this transaction

Termination of any security interest in the Plaintiff's property created under this transaction.

Return of any money or property given by the Plaintiffs to anyone, Including the Lender, in connection with this transaction.

Forfeiture of return of loan proceeds.

Twice the amount financed and not less then 200 dollars nor more then 2,000

Reasonable attorney's fee.

## SECOND CAUSE OF ACTION VIOLATION OF RHODE ISLAND'S UNFAIR AND DECEPTIVE PRACTICES ACT

16. The Broker is subject to RI-ST 6-13.1-2 commonly known as the Rhode Island's Unfair and Deceptive Practice Act.

17. In the course of this consumer transaction and broker violated RI-ST 6-13.1-2 Specifically by, willfully receiving a Yield Spread Premium fee of $1,805 that directly was not related to any settlement services and willfully participating in deceiving the Plaintiff that the Brokers fees would only be $3,300.50.

18. As a result of the aforesaid violations of Rhode Island's Unfair and Deceptive Practice Act the Broker pursuant to RI-ST-6-13.1-5.2

Actually damages of $1,212.00 plus any other amount that can be determined from the Yield Spread Premium fee of $1,805

Punitive damages to be decided by Jury

Any Equitable relief that this Honorable Court Deems proper and Just.

Attorney fees

**Preliminary Injunctive Relief**

19. The Lender is intending to commence proceedings to foreclose by advertisement real property located at 31 America ST, Providence, RI 02903 at said property at 2:00 pm.

20. The above-mentioned proceedings have been brought by Lender to foreclose under the disguise of a power of sale in a certain mortgage dated December 2, 2004. (See Exhibit A)

21. Plaintiff will most likely prevail on the merits on these valid claims against collection of the amount claimed by Lender.

22. Unless Lender and agents of them are restrained from proceeding with the above-mentioned foreclosure by advertisement, Plaintiff will suffer irreparable injury, in that if such foreclosure by Lender occurs, this Honorable Court's may lose it's ability to grant equitable relief on other claims.

23. The Plaintiff has no other adequate and speedy remedy at law.

VERIFICATION

I, the undersigned, certify and declare that I am a party to this action. I have read the foregoing complaint and know of its contents. The matters stated in the complaint described above are true of my knowledge except to those matters stated on information and belief and as to those matters I believe them to be true.

Executed on this 10 day of August, 2006 at Providence, Rhode Island.

Matthew Falcone

Matthew Falcone

When Recorded Mail to:

Matthew Falcone
31 America ST
Providence, RI 02903

# AFFIDAVIT OF LIS PENDENS

State of Rhode Island)

) ss

Providence County )

Now comes, Matthew Falcone by and through himself, hereinafter Affiants, being of lawful age, having firsthand personal knowledge, being first duly sworn, upon oath state as follows:

1. Affiant hereby gives notice that on the 10 day of August 2006 the Affiant has filed a lawsuit against Option One Mortgage in Federal District Court involving property commonly known as 31 America ST, Providence, RI 02903 on issues that could substantially effect the validity of any title given at the sale to be held on August 11, 2006 2:00pm at said property.

2. The property identified above is recorded in Book 6971 page 61 in the Record of Land Evidence in the City of Providence.

Dated this 10 day of August, 2006

Matthew Falcone

Matthew Falcone

exps 1/1/2009