UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MATTHEW FALCONE. | : | |
| | : | |
| vs. | : | C.A. No. 06-363 T |
| | : | |
| OPTION ONE MORTGAGE and | : | |
| SOUTH COUNTY MORTGAGE CORP. | : | |

ANSWER AND COUNTERCLAIM
OF DEFENDANT OPTION ONE MORTGAGE

Defendant, Option One Mortgage hereby answers the plaintiff's Complaint as follows:

**Parties**

1. This defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

2. Admitted that Option One Mortgage is a corporation, properly named Option One Mortgage Corporation, that does business in the state of Rhode Island. Otherwise, denied.

3. Admitted that defendant South County Mortgage Corp. was the broker for the plaintiff in connection with the loan transaction which is the subject matter of this complaint. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

**Venue**

4. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

**Jurisdiction**

5. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

## Facts Of The Case

6. Admitted that on December 2, 2004, the plaintiff executed a promissory note and mortgage in connection with a real estate loan transaction with the defendant and that the promissory note included interest to be paid by the plaintiff. Otherwise, denied.

7. Admitted that the December 2, 2004 loan transaction involved real property that was then the residence of the plaintiff and which served as security for the loan. Otherwise, denied and denied that the plaintiff served any Exhibits upon the defendant.

8. Denied.

9. Admitted.

10. This defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

11. As to this defendant, admitted that the amount of $3,300.50 appears on the document entitled “Summary of the Terms of Your Loan”. Otherwise denied and denied that the plaintiff served any Exhibits upon the defendant. As to co-defendant South County Mortgage Corp., this defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

12. Admitted that foreclosure proceedings had been scheduled for August 11, 2006.

13. Denied.

## First Cause of Action

14. Admitted that the transaction was subject to the right to cancel. Otherwise, the defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied. Further answering, the defendant asserts that 15 USC 1635 and Regulation Z 226.23 (12 C.F.R. §226.23) speak for themselves.

15. Denied as to all allegations contained in the two paragraphs that fall under paragraph 15.

16. Denied.

17. (mistakenly referred to as duplicate paragraph 15): Denied as to all allegations contained in the six paragraphs that fall under paragraph 17, mistakenly

referred to in the Complaint as duplicate paragraph 15.

**Second Cause of Action**

16. through 18. This defendant makes no response to the allegations contained in these paragraphs insofar as said paragraphs are directed to the co-defendant and not to this defendant. If it should be determined that a responsive pleading is required to these paragraphs, then the allegations contained therein are denied.

**Preliminary Injunctive Relief**

19. Admitted that foreclosure proceedings relative to 31 America Street, Providence, RI, had been scheduled for August 11, 2006.

20. Admitted that the defendant seeks to foreclose in accordance with the power of sale contained in the mortgage dated December 2, 2004. Otherwise, denied.

21. Denied.

22. Denied.

23. Denied.

**Prayer of Relief**

1. through 8. Denied.

FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a cause of action under 15 U.S.C. §1635 and §1640.

SECOND AFFIRMATIVE DEFENSE

The defendant affirmatively pleads insufficiency of service as a bar to the within action.

THIRD AFFIRMATIVE DEFENSE

The defendant affirmatively pleads insufficiency of service of process as a bar to the within action.

FOURTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads laches as a bar to the within action.

FIFTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that if any violation of the Truth in Lending Act occurred in connection with the subject transaction, it was unintentional and the result of a bona fide error.

SIXTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads estoppel as a bar to the within action.

SEVENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that at all times it has acted properly and in good faith and that the plaintiff's Complaint fails to allege any facts to support a claim for punitive damages.

EIGHTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads misnomer of a party as a bar to the within action.

NINTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff has failed to comply with the conditions precedent to maintain this action and it is, therefore, barred.

TENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff's failure and inability to refund to Option One the loan proceeds advanced to him is a bar to this action.

WHEREFORE, defendant Option One Mortgage Corporation demands that the plaintiff's Complaint be dismissed and that the defendant be awarded its costs related thereto.

OPTION ONE MORTGAGE
By its Attorneys,
CARROLL KELLY & MURPHY

/s/Patricia A. Buckley

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

**THE DEFENDANT HEREBY DEMANDS TRIAL BY JURY**

**COUNTERCLAIM**

Parties

1. Upon information and belief, the plaintiff, Matthew Falcone is a resident of Providence, Rhode Island.

2. Defendant, Option One Mortgage Corporation (hereafter "Option One") is a California corporation authorized to do business in the State of Rhode Island.

Jurisdiction and Venue

3. The plaintiff has filed a Complaint in this action alleging that this court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337, 15 U.S.C. 1640 and 1635 and 28 U.S.C. 1367.

4. If this court has proper original jurisdiction of this proceeding then it has supplemental jurisdiction over this state law counterclaim pursuant to 28 U.S.C. 1367.

5. Venue is proper in this District as the plaintiff is a Rhode Island resident and the defendant does business in this District.

Count I
(Breach of Contract)

6. On December 2, 2004, the plaintiff executed a promissory note (hereafter "the Note") and mortgage (hereafter "the Mortgage") in connection with a real estate loan from Option One for which the plaintiff's residence at 31 America Street, Providence, RI (hereafter "the Property") provided security.

7. The principal amount of the loan was $180,500.00 and the plaintiff received cash from the transaction, after costs to the plaintiff, in the amount of $174,017.25.

8. At all times relevant hereto, Option One has complied with all of the obligations imposed upon it by 15 U.S.C. §1635 and §1640 and all other state and federal statutory requirements relative to the plaintiff's loan transaction.

9. At all times relevant hereto, Option One has complied with all of its obligations under the Note and Mortgage.

10. As of March 1, 2006, the plaintiff stopped making payments on the Note. The plaintiff was notified of his default under the terms of the Note by letter dated April 5, 2006.

11. In a letter to Option One dated April 11, 2006 and entitled "Constructive Notice and Demand for Adequate Assurance of Due Performance", the plaintiff

stated that he had concluded that "Option One may have breached the original Promissory Note agreement by failing to provide adequate and valuable consideration and full disclosure of the original terms and conditions of the alleged original agreement." This letter contained an "Affidavit" that the plaintiff demanded be executed by Option One. True copies of the April 11, 2006 letter and accompanying "Affidavit" are attached hereto as Exhibit A.

12. On April 17, 2006, the plaintiff caused to be recorded in the land evidence records of the City of Providence a document entitled "Notice of Dispute" which purports to provide notice that the "entire balance on loan number 0014814735 is being disputed." A true copy of the "Notice of Dispute" is attached hereto as Exhibit B.

13. By letter dated April 24, 2006, Option One responded to the plaintiff's letter by denying the plaintiff's claims and reiterating the terms of the plaintiff's loan. A true copy of this letter, without attachments, is attached hereto as Exhibit C.

14. On May 17, 2006, the plaintiff caused to be recorded in the land evidence records of the City of Providence a copy of a letter dated May 12, 2006 addressed to Option One purporting to declare, inter alia, that Option One had relinquished all rights to "collect my alleged debt." A true copy of this letter is attached hereto as Exhibit D.

15. Thereafter, Option One commenced foreclosure proceedings pursuant to the Mortgage with the sale of the property to occur on August 11, 2006.

16. On August 10, 2006, the plaintiff commenced this proceeding and also caused to be recorded in the land evidence records of the City of Providence an "Affidavit of Lis Pendens" indicating that this action had been commenced and "could substantially effect the validity of any title given at the sale to be held on August 11, 2006 2:00pm at said property."

17. The plaintiff's failure to make payments as required by the Note and his repudiation of the terms of the Note and Mortgage constitute default under the terms of the Note and Mortgage.

18. As a consequence of the plaintiff's wrongful default and breach of contract, the full amount of the Note is currently due and payable and Option One has the right to foreclose upon the Property to satisfy the plaintiff's obligations to Option One.

19. As a consequence of the plaintiff's wrongful default and breach of contract, Option One has been damaged in the amount of the balance of the Note plus interest, penalties and costs, including attorney's fees.

WHEREFORE, defendant Option One Mortgage Corporation demands the following relief:

a. that judgment enter against the plaintiff and in favor of Option One in the full amount of Option One's damages including the principal of the Note, interest thereon, accrued penalties, costs, attorney's fees and pre-judgment interest;

b. that this court exercise its equitable powers to declare null and void the documents recorded by the plaintiff on April 11, 2006, April 17, 2006 and August 10, 2006 which are currently impairing title to the property and/or that the plaintiff be ordered to execute rescissions of those documents;

c. that Option One be permitted to foreclose on the Property to satisfy the plaintiff's debt; and

d. such other and further relief as this court shall deem just and proper.

Count II
(Action to Quiet Title)

20. The defendant hereby incorporates the allegations contained in paragraphs 1 through 19 of this Counterclaim as if restated in full herein.

21. The Mortgage is in first position on the Property and there are no other mortgages, liens or encumbrances ahead of it.

22. The plaintiff's actions in recording documents with the recorder of deeds of the City of Providence on April 11, 2006, April 17, 2006, May 17, 2004 and August 10, 2006 (hereafter collectively "the Four Recorded Documents") calling into question the validity of the Note and Mortgage without having any legally supportable or rational basis for doing so, have resulted in an impaired title that improperly interferes with Option One's ability to foreclose on the Property.

23. Unless and until the documents filed with the Four Recorded Documents are invalidated or rescinded, Option One will be unable to properly exercise its rightful power of sale and foreclose upon the property.

24. The plaintiff's actions in wrongfully recording the Four Recorded Documents have caused damages to Option One.

WHEREFORE, defendant Option One Mortgage Corporation demands the following relief:

e. that judgment enter against the plaintiff and in favor of Option One in the full amount of Option One's damages including the principal of the Note, interest thereon, accrued penalties, costs, attorney's fees and pre-judgment interest;

f. that this court exercise its equitable powers to declare null and void the documents recorded by the plaintiff on April 11, 2006, April 17, 2006, May

17, 2006 and August 10, 2006 which are currently impairing title to the property and/or that the plaintiff be ordered to execute rescissions of those documents;

g. that Option One be permitted to foreclose on the Property to satisfy the plaintiff's debt; and

h. such other and further relief as this court shall deem just and proper.

OPTION ONE MORTGAGE
By its Attorneys,
CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

**THE DEFENDANT HEREBY DEMANDS TRIAL BY JURY**

CERTIFICATION

I hereby certify that on August 21, 2006, I mailed a true copy of the within document to the plaintiff, Matthew Falcone, *pro se*, 31 America Street, Providence, RI 02903 via first class mail, postage prepaid.

/s/Patricia A. Buckley