IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Matthew Falcone<br>31 America ST<br>Providence, RI 02903<br><br>Plaintiff,<br><br>v.<br><br>Option One Mortgage<br>301 Metro Center Blvd.<br>Warwick, RI 02886<br><br>South County Mortgage Corp<br>120 Old Mountain Road<br>Richmond, RI 02892<br>Defendant. | Case No. 06-363 T<br><br>**ANSWER TO DEFENDANT'S CROSS-CLAIM AND AFFIRMATIVE DEFENSES** |

Answer and Affirmative Defenses

Now Comes the Plaintiff, Matthew Falcone, by and through his unsigned attorney, pursuant to F.R.C.P. Rule 12 (a) (2) and as and for his answer to Option One Mortgage Company Cross Complaint, admits, denies and alleges as follows:

General Allegations

1. The Plaintiff generally denies each of the Defendant's allegations in their cross-complaint, except such allegations as are specifically admitted herein.
2. In answering paragraph number six of Defendant's cross-

complaint, the Plaintiff admits the allegations contained therein, except in that the Plaintiff did not execute said note with full knowledge of the YSP fee and its effect on the transaction.

3. In answering paragraph number eight of Defendant's cross-complaint, the Plaintiff denies that the Defendant complied with all State and Federal law, and regardless this would be a legal conclusion not fact.
4. In answering paragraph number nine of Defendant's cross-complaint, the Plaintiff denies that the Defendant complied with their obligations, specifically in that the Defendant failed to give all required disclosures, and paid a YSP fee of 1,805.00 to the Defendant South County Mortgage Corp after disclosing there would only be 3,300.50 brokers fee
5. In answering paragraph number eleven of Defendant's cross-complaint, the Plaintiff admits the allegations stated therein.
6. In answering paragraph number twelve of Defendant's cross-complaint, the Plaintiff admits the allegations stated therein.
7. In answering paragraph number twelve of Defendant's cross-complaint, the Plaintiff admits the allegations stated therein.
8. In answering paragraph number thirteen of Defendant's

cross-complaint, the Plaintiff admits the allegations stated therein, except for the Plaintiff stopped making payments to the Defendant after the Defendant did not respond properly to a Fair Credit Billing Act dispute dated April 11, 2006.

9. In answering paragraph numbers fourteen, fifteen, and sixteen of Defendant's cross- complaint, the Plaintiff admits the allegations stated therein.

10. In answering paragraph numbers seventeen, eighteen, and nineteen of Defendant's cross- complaint, the Plaintiff denies the allegations stated therein, specifically in that should the Defendant have acted in good faith establishing that all material disclosures where given in response to the Plaintiffs April 11, 2006 the Plaintiff would have continued to make payments as agreed.

11. In answering paragraph number twenty two of Defendant's cross- complaint, the Plaintiff denies allegations stated therein, specifically for the reasons laid out in the Plaintiffs original complaint, and affirmative defenses laid out below.

12. In answering paragraph number twenty three of Defendant's cross- complaint, the Plaintiff denies the allegations stated therein, specifically in the documents on record do not effect the Defendant's ability to

foreclosure only inform any potential buyers of the ramifications of buying said property should the Plaintiff's litigation be successful.

13. In answering paragraph number twenty three of Defendant's cross-complaint, the Plaintiff denies the allegations stated therein.

First Affirmative Defenses

14. The Defendants are barred by the doctrine of unclean hands.

Second Affirmative Defense

15. The Defendants attorney acting as an agent for them in regards to the debt failed to verify the debt pursuant to Title 15 USCA 1692 (g) as requested by the Plaintiff's on May 19, 2006 and therefore are equitably estopped from collecting said debt.

Third Affirmative Defense

16. Should the Plaintiff's claim of rescission be valid the Defendant's no longer maintains a valid security interest in the property nor has a right to the amount being requested.

Fourth Affirmative Defense

17. The Defendant's quiet title cause of action should be barred on the grounds that it is in essence a disguise of

their only true cause of action which is a foreclosure, which is considered to be a primary State Court action.

Fifth Affirmative Defense

18. The Defendant's are barred from bringing their Quiet Title action since first the Plaintiff is in possession of said property and second the Defendant's have other adequate legal remedies.

Sixth Affirmative Defense

19. The Defendant fails to plead a slander of title cause of action for damages alleged under the Defendant's Quiet Title Action and therefore is barred from claiming said damages.

Therefore, the Plaintiff through his unsigned attorney prays that this Honorable Court strictly require the Plaintiff to prove all allegations in their alleged valid cause of actions, and upon failure of such proof, or upon finding that the Plaintiff has one or more valid defenses to their action, that this Honorable Court deny relief request for by the Defendant in their cross-complaint, and asses all cost and reasonable attorneys fees associated with the defense to the Defendant's Cross-claims, and grant any other relief to the Plaintiff that this Honorable Court deems just and proper.

Respectfully Submitted this 5th day of September, 2006,

Matthew Falcone

**CERTIFICATION**

**I hereby certify that on September 5th, I mailed a true copy of the within document to the attorneys for the defendant, CARROLL, KELLY & MURPHY, One Turks Head Plaza, Suite 400, PROVIDENCE, RI 02903 via First Class mail, postage prepaid.**

Matthew J Falcone

**Matthew J Falcone**