UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MATTHEW FALCONE | : | |
| | : | |
| vs. | : | C.A. No. 06-363 T |
| | : | |
| OPTION ONE MORTGAGE Corp. and | : | |
| SOUTH COUNTY MORTGAGE CORP. | : | |

**DEFENDANT OPTION ONE MORTGAGE CORP.'S PRETRIAL MEMORANDUM**

## A. PARTIES

1. Plaintiff, Matthew Falcone, is represented by Marty C. Marran, Esq.

2. Defendant, Option One Mortgage Corp., is represented by Patricia A. Buckley, Esq.

3. Defendant, South County Mortgage Corp., is represented by Albert E. Medici, Jr., Esq.

## B. FACTS

As near as this defendant can determine, this matter is a Truth In Lending Act (TILA) case concerning a mortgage loan in the amount of $180,500.00 given to the plaintiff by defendant Option One Mortgage Corp. ("Option One") concerning the plaintiff's property at 31 America Street in Providence, Rhode Island ("the Property") on December 2, 2004. Defendant South County Mortgage Corp. was the mortgage broker for the transaction. The plaintiff inherited the Property from his parents and obtained the thirty year mortgage loan for the purposes of making investments. Of the loan amount, he directly received $174,017.25. He intended to obtain the funds to make the monthly payments to pay back the loan from the funds he would

generate from these investments. He made payments until February of 2006 and then stopped when his money ran out. He thereafter commenced a letter writing campaign that variously demanded that Option One sign an affidavit supplied by the plaintiff, disclaimed any obligation under the mortgage loan and advised Option One that its mortgage and note were unenforceable.

Option One commenced foreclosure proceedings in August of 2006 and the plaintiff responded by commencing this action, pro se[1], and filing a number of documents in the Providence Land Evidence Records challenging the validity of the mortgage on the Property and purporting to render the mortgage null and void. His "sources" for the information from which he determined that he did not owe anything under the mortgage loan and that the loan and mortgage were invalid were various internet sites. He has admitted that he no longer has any of the loan proceeds and has no ability to make the loan payments.

The complaint alleges, principally, that the plaintiff was not given two copies of the Notice of Right To Cancel the mortgage loan at the time of the closing on his refinancing with the defendant. The plaintiff seeks rescission of the loan. In addition to failure to receive the Notice of Right to Cancel, the plaintiff has made a claim that the amount of the financing in connection with the loan was understated by approximately $95 and that this was a violation of TILA as well. However, at the time of his deposition, the plaintiff was unable to explain this claim since an internet organization called PMA #1 Mortgage Auditing had told him this but had not provided him with their rationale for it. A Motion to Compel More Responsive

[1] He has since obtained counsel.

Answers is currently pending relative to the defendant's (so far fruitless) attempts to learn what this portion of the claim is all about.

Finally, the plaintiff claimed at his deposition (though this is not stated in his complaint) that the Option One mortgage is invalid because Option One did not give "valuable consideration" for it. The plaintiff claims that Option One did not give him any money in exchange for the mortgage but merely made "an accounting entry" or "digit entry" and, therefore, "had nothing at risk." He also seemed, in connection with this theory, to question whether Option One is the holder of the original Note though he readily admitted that he had no knowledge that they were not and could not explain why this would make any difference. Option One is, in fact, the holder of the original note and mortgage.

The plaintiff's complaint includes a claim for punitive damages and claims against the co-defendant mortgage broker, South County Mortgage Corp. that do not seem to involve Option One as they revolve around the brokerage fee and yield spread premium that the plaintiff agreed to pay to South County Mortgage Corp.

## C. CLAIMS AND DEFENSES

### 1. Option One's Claims for Relief

Option One has filed a Counterclaim which states claims for Breach of Contract (Count I) and to Quiet Title (Count II). The Breach of Contract claim arises from the plaintiff's breach of the terms of the promissory note and mortgage that he executed at the time of the closing including his failure to make the specified payments and to keep the property insured, as well as his repudiation of the note and mortgage and impairment of the title. Option One seeks a judgment in the full

amount currently due under the loan, plus its costs involved in the foreclosure proceeding and in defending this action.

The Quiet Title claim arises from the various documents filed by the plaintiff in the City of Providence land evidence records disputing the validity of the Option One mortgage which are clouding the title and preventing any efforts the defendant could make to foreclose upon its mortgage. Option One requests that this court exercise its equitable powers to declare null and void the documents recorded by the plaintiff which are currently impairing title to the property and/or that the plaintiff be ordered to execute rescissions of those documents. Finally, the defendant asks that it be allowed to foreclose on the property to satisfy the amounts currently due under the terms of the promissory note.

2. Option One's Defenses

As to the plaintiff's TILA claims, Option One asserts that it has at all times complied fully with the requirements of 15 U.S.C. §1635 and the applicable regulation, 12 C.F.R. 226.23. Specifically, the plaintiff received two copies of the Notice of Right to Cancel as required by the statute. Similarly, the alleged $95 understatement as to the amount financed and the claim of "lack of consideration" (to the extent it even exists as a claim) are specious. Option One has fully examined the closing documents and determined that the financing disclosure was entirely accurate. No discrepancy of any kind has been identified and the plaintiff has, so far, failed to provide any explanation for his claim as to the $95 or any rationale for its calculation. As to the claim for lack of consideration, the plaintiff received $174,017.25 from Option One after the closing of this matter. Option One

is the holder of the original promissory note and the original mortgage – both of which name Option One as lender and mortgagee.

Even if the plaintiff were able to prove a technical violation of TILA, Option One asserts that any such violation was unintentional and the result of a bona fide error which is excusable under 15 U.S.C. §1640 and the case law interpreting the statute. Further, the plaintiff does not now have the present ability to return the loan proceeds to Option One and has not had this ability at any time since claiming the right to rescind. He is, therefore, not entitled to this remedy.

Finally, the plaintiff's claim for punitive damages is utterly without support either factually or legally. There is no evidence of any kind to establish that Option One behaved in any manner that would justify such a claim or that there was some type of fiduciary duty between the parties that Option One violated.

**D. <u>DAMAGES</u>**

The current pay-off for the loan is $210,679.17 as of October 1, 2007. This pay-off amount includes the principal amount owing of $178,488.52, accrued interest of $24,987.73, late fees of $143.38, expenditures made on the plaintiff's behalf for hazard insurance after Option One was notified that the plaintiff's insurer had cancelled coverage on the Property ($3,337.40), attorney's fees incurred in connection with the foreclosure proceedings ($3,270.98) and miscellaneous fees of $451.16. In addition, Option One seeks the costs of defending this proceeding in the amount of $11,857.71 to date.

**E. <u>ISSUES</u>**

1. Did the plaintiff execute a promissory note in favor of Option One?

2. Did the plaintiff execute a mortgage in favor of Option One?

3. Was adequate consideration given by Option One in exchange for the promissory note and mortgage?

4. Has the plaintiff defaulted under the terms of the promissory note and mortgage?

5. Was the plaintiff provided two copies of the Notice of Right to Cancel at the time of the closing on this mortgage loan? If not, was this a violation of TILA?

6. Was the disclosure by Option One to the plaintiff of the amount financed accurate or was it understated by $95.00? If it was understated, was this a violation of TILA?

7. If the plaintiff proves a violation of TILA occurred, was such violation unintentional and the result of a bona fide error thereby excusing the violation?

8. If the plaintiff proves a violation of TILA, is he entitled to rescind the loan?

9. Is the plaintiff entitled to rescind the loan if he does not have the current ability to return the proceeds of the loan to Option One?

10. Are the documents filed by the plaintiff in the City of Providence Land Evidence Records challenging the validity of the Option One loan and mortgage a cloud on title?

11. Should the Court use its equitable powers to declare null and void or to require rescissions of the documents filed by the plaintiff in the City of

Providence Land Evidence Records challenging the validity of the Option One loan and mortgage?

12. Should Option One be permitted to proceed to foreclose on the Property?

13. If the plaintiff establishes fault on the part of Option One, can the plaintiff satisfy his burden of producing evidence of such willfulness, recklessness or wickedness on the part of Option One as amounts to criminality in order to establish a claim for punitive damages?

## F. ARGUMENTS AND DISCUSSION

### 1. Option One's Defenses

The plaintiff asserts that Option One has violated TILA, 15 U.S.C. §1635 and 12 C.F.R. §226.23, by failing to provide two copies of the Notice of Right to Cancel the transaction at the time of the closing of this loan. §226.23(b)(1). Option One does not dispute that this transaction was subject to the requirements of TILA. It does dispute, however, that the plaintiff failed to receive two copies of the Notice of Right to Cancel. The closing agent, Attorney Anthony Gallone, is prepared to testify that he gave the plaintiff two copies of the Notice and there is an affidavit executed by Mr. Gallone as part of the closing which affirms this. In addition, the plaintiff signed an acknowledgment that certified receipt of two copies of the Notice which creates a rebuttable presumption of delivery. §1635(c). Finally, at his deposition, the plaintiff admitted that while he did not think he had received two copies, he could not be certain that he did not. Based on this undisputed state of the evidence, the plaintiff cannot prove a violation of TILA.

As to the plaintiff's claim for the $95 understatement of the "amount financed", to the extent that it understands the nature of this claim as asserting that Option One's HUD disclosure was incorrect by $95 in some respect, Option One has reviewed all of the calculations for this loan and has confirmed that the HUD disclosures were entirely proper. 12 C.F.R. §226.18 specifies that the disclosures required by TILA include the amount financed, computed by determining the principal loan amount, plus any other amounts financed by the creditor and less any prepaid finance charges. §226.18(b). In this case, the principal amount of the loan was $180,500.00. There were total prepaid finance charges, as reflected on the HUD-1 Settlement Statement totaling $5,438.75. This yields an "amount financed", as stated on the Federal Truth-In-Lending Disclosure Statement provided to and initialed by the plaintiff, of $175,061.25. It is Option One's position that the amount of the financing as reported to the plaintiff was accurate and in full compliance with TILA.

Under §1640(c), a mortgage holder may not be held liable in an action brought under §1635 if the mortgagee "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Examples of such a bona fide error are listed in the statute, but not limited to those listed: clerical, calculation, computer malfunction, programming and printing errors. Errors of "legal judgment" are the only category of errors specifically excluded. Under the case law, a "bona fide error" is defined to be one that is made in the course of a good faith attempt at compliance with the requirements of the Act.

Mirabal v. General Motors Acceptance Corp., 537 F.2d 871 (7th Cir., 1976). This section has specifically been applied to mathematical calculations and other clerical errors. In re Stoneking, 99B.R. 892 (C.D.Ill., 1989).

While the plaintiff's claim relative to the $95 understatement has not been made clear at this time, given the checking and rechecking of the disclosures made to the plaintiff about this loan and the lack of any evidence of error on the part of Option One in arriving at the disclosure amounts, it is Option One's position that if an understatement of the amount financed has occurred here, it was due to some form of clerical or mathematical error. A representative of Option One will testify as to the procedures that it utilizes for determining the information to be included in its HUD disclosures and the careful analysis and checking of that analysis that is utilized by the lender to be certain that its calculations are accurate. Further, with respect to the two copies of the Notice of Right to Cancel, Mr. Gallone will testify as to the procedures that he has in place for ensuring that two copies of the Notice of Right to Cancel are provided to the borrower – procedures that include Mr. Gallone making the necessary copies himself so that he can be certain the statutory requirements are met. To the extent that the plaintiff is able to establish that he left Mr. Gallone's office with only one copy of the Notice of Right to Cancel or that there was a $95 understatement, Option One will prove that it falls within the bona fide error exclusion to TILA.

Should the plaintiff succeed in proving a violation of TILA, he seeks rescission. Effective rescission under §1635(a) requires the borrower to make restitution of amounts expended by lender. Clemmer v. Liberty Financial Planning,

Inc., 467 F.Supp. 272 (W.D.N.C., 1979). As noted by the court in Ray v. Citifinancial, Inc., 228 F. Supp.2d 664 (D.Md., 2002):

> Within the meaning of the law, "rescission" does not mean an annulment that is definitively accomplished by unilateral pronouncement. Rather, it contemplates a remedy that restores the *status quo ante.* If a party has a legal or equitable right to annul a transaction, he may do so, but only upon returning any benefit he has received. Id. at 667. *Citations Omitted*

Before ordering rescission, the District Court can require as a prerequisite that the mortgagor provide proof of his ability to repay the loan proceeds, less the interest and finance charges, if rescission is granted. Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir., 2003), *see also,* Quenzer v. Advanta Mortg. Corp. USA, 288 B.R. 884 (D.Kan., 2003) [Bankruptcy court had discretion to condition the voiding of a mortgagee's security interest upon terms that were equitable and just in view of the surrounding circumstances, and should have required debtors to return property received in connection with the mortgage transaction as a condition to rescission where rendering the debt unpaid and completely unsecured based on the mortgagee's inadvertent error would be completely inequitable and would exact a penalty entirely disproportionate to the mortgagee's offense.]

Here, the plaintiff has admitted that he has no current ability to return the loan proceeds to Option One. Further any breach of TILA that has occurred here has been minor and inconsequential, at best. To order rescission without requiring return of the loan proceeds to Option One would be inequitable and unjust.

Finally, the plaintiff appears to have made a claim for punitive damages against Option One (though it may be just against the co-defendant). In order to

sustain a claim for punitive damages, the plaintiff must produce "evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished." Palmisiano v. Toth, 624 A.2d 314, 318 (RI, 1993), quoting from Sherman v. McDermott, 329 A.2d 195, 196 (RI, 1974). Stated another way, for punitive damages to be awarded the plaintiff just show that Option One acted with malice or in bad faith with the intent to cause harm. Wilson Auto Enterprises, Inc. v. Mobil Oil Corp., 778 F.Supp 101, 107 (D.R.I., 1991), Morin v. Aetna Casualty and Surety Co., 478 A.2d 964, 967 (RI, 1984).

There are no allegations in the plaintiff's complaint that would support an assertion that Option One acted with malice or an intent to cause the plaintiff harm, here. Further, no facts have been elicited through discovery to support any such finding. To the extent that the minor violations of TILA alleged by the plaintiff are determined to have occurred, they simply do not establish the type of conduct required to justify the imposition of punitive damages. Even if the plaintiff is able to prove a violation of TILA, he will not be entitled to punitive damages as against Option One.

2. Option One's Claims

For Option One to prevail as to Count I of its Counterclaim for Breach of Contract, the defendant must prove that the promissory note and the Mortgage which the plaintiff executed on December 2, 2004 are valid and enforceable and that the Option One has performed all of its obligations incident thereto. Finally, Option One must prove that the plaintiff, through his admitted non-payment of the

debt and his filing of numerous documents in the land evidence records repudiating the debt, has breached his agreement with Option One. Gorman v. St. Raphael Academy, 853 A.2d 28, 33 (RI, 2004) [The court must make "the predicate findings of offer, acceptance, consideration and breach requisite to determining a breach of contract claim."]

The plaintiff admitted at his deposition that he executed the note, mortgage and a host of other documents at the time of the closing on this loan. While he would not directly admit that he received "funds" from Option One after the closing, he did admit that a "deposit" was made into his account and that he used the funds from that deposit to, among other things, make investments. There is simply no legitimate dispute, here, that the promissory note and mortgage are valid documents, that Option One provided funds to the plaintiff in accordance with the promissory note and that the parties entered into a binding contract.

The plaintiff also admitted at his deposition that he stopped making payments on the note and that he repudiated the promissory note and mortgage in documents sent to Option One and filed in the Land Evidence Records of the City of Providence. There is, therefore, no dispute as to the plaintiff's breach of the terms of the promissory note and the mortgage. By the terms of those documents, the plaintiff is liable for the full outstanding amount of the loan, plus interest, fees, costs and penalties. The property at 31 America Street, Providence, RI, which is the subject of the mortgage, is security for that debt and subject to foreclosure proceedings to satisfy it. Despite these facts, the plaintiff has now remained at the Property for more than one and one-half years without paying anything on the loan

and without paying for hazard insurance which Option One has been forced to pay out. Option One seeks a judgment against the plaintiff and also seeks to foreclose on the property under the terms of the Promissory Note and Mortgage.

As to Count II of its Counterclaim sounding in an action to Quiet Title, the plaintiff filed in the City of Providence Land Evidence Records a lis pendens against the Property as well as other documents, including a letter dated April 11, 2006 to Option One, a "Notice of Dispute" on April 17, 2006 and a letter dated May 12, 2006 purporting to declare that Option One had relinquished all rights to "collect my alleged debt" as a consequence of, inter alia, Option One's alleged failure to provide valuable consideration for the note, failure to provide the original promissory note, failure to provide "evidence of validation of the alleged debt by providing adequate assurance of due performance", and failure to furnish "evidence of adherence to Generally Accepted Accounting Practices and Procedures." These documents create an improper cloud on any title that Option One would seek to transfer in connection with foreclosure proceedings and have resulted in termination of Option One's foreclosure efforts. In order to clear the title, these documents must be neutralized by either an order of this Court declaring them null and void or the filing of rescission documents by the plaintiff.

**G. <u>PENDING MATTERS</u>**

The only pending matter concerns Option One's Motion to Compel More Responsive Answers which was filed on September 26, 2007 concerning requests that had been served upon the plaintiff in May. The requests seek, primarily to understand the plaintiff's claim of the understated $95 but the plaintiff's response to

the two interrogatories and five requests for production sought to evade providing any meaningful response. Until this information is provided, the nature of this claim remains a mystery to all the parties, including, apparently, the plaintiff. Option One does not believe that this issue should delay the trial of this matter and, if the information has not been provided, will seek to have any evidence related to the alleged $95 understatement excluded at time of trial.

## H. ESTIMATED TIME OF TRIAL

Option One will present two and possibly three witnesses: Anthony Gallone, the closing attorney for this loan and at least one and perhaps two representatives of Option One to authenticate the pertinent documents, provide the damage calculation and to verify the HUD disclosures. Its case in chief should not take more than a day and it is anticipated that this will also be true for the co-defendant. It is difficult to estimate the time that the plaintiff will require. A safe estimate for the length of the entire case would appear to be three to four days.

## I. VOIR DIRE QUESTIONS

Option One believes that this case would best be tried without a jury and is willing to waive its jury trial request. The plaintiff's complaint asks for "punitive damages to be decided by Jury" in Count II of his complaint addressed to co-defendant South County Mortgage Corp. This is the only reference to a request for a jury trial. It may make sense for the parties to conference this matter with the Court to determine if this matter could be tried without a jury – as well as to identify the issues to be tried.

In the event that a jury trial is required, Option One does not believe that there is any need for the parties to question prospective jurors directly. The following are the voir dire questions that Option One requests:

1. Are any of you familiar with the parties to this matter?
2. Are any of you familiar with the attorneys involved in this matter?
3. Are any of you familiar with any of the anticipated witnesses who will testify in this matter? Witnesses for Option One are Attorney Anthony Gallone of Warwick, RI and Amy Labeta of Irvine, California, Senior Paralegal at Option One.
4. Have any of you been parties to any lawsuits? What were the circumstances?
5. How many of you have obtained mortgage loans? Are there any of you who believe that when you obtain a mortgage loan you are not obligated to pay it back?
6. We all sign our names to documents all the time. Is there anyone who would disagree that when you sign a document you are indicating that you read it and understood it?
7. Are any of you familiar with the requirements of the Truth in Lending Act? What is your familiarity and how did you become familiar with it?
8. Have you or any of your family members or friends ever had disputes with a mortgage company? What type of disputes? Did any of the disputes involve allegations of violation of the Truth in Lending Act? What were the circumstances?

9. If you or your family members or friends were involved in any disputes, were they resolved satisfactorily?

10. Have you or any of your family members or friends been in a position where a mortgage company attempted to foreclose upon property? What were the circumstances? How was the issue resolved?

11. Do you or any of your family members or friends suffer from Chronic Fatigue Immune Dysfunction? Circumstances?

12. How many of you use the internet to obtain information? How many of you use the internet to obtain advice? Do any of you believe that information or advice obtained from the internet is always true or trustworthy? Do any of you believe that it is not necessary to verify the accuracy of information or advice obtained online before you act on it?

13. The law requires that you treat the two corporations involved in this case no differently than you would Mr. Falcone. Do any of you feel you would not be able to do that here?

14. The trial judge will be instructing you on the law that you must apply to this matter. You may not like the law or agree with it. If you find yourself in that position, would you have any difficulty applying the law despite the fact that you don't like it or disagree with it?

15. It is very important as a juror to put your sympathies, passions and prejudices aside and make your decision based strictly on the law and the evidence that is put before you. Do any of you think you would have any difficulty doing this?

16. From anything you have heard so far, do any of you believe there is any reason why you would not be able to serve impartially in this matter? Is there any reason why you believe you would be more likely to favor one party in this case over another?

OPTION ONE MORTGAGE CORP.,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that on the 2nd day of October, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Albert E. Medici, Jr., Esq., amedici@medicisciacca.com and Marty Marran, Esq., jhugostraight@yahoo.com, will receive notice through the ECF system.

.

/s/ Patricia A. Buckley