Westlaw



Effective: [See Text Amendments]

United States Code Annotated Currentness
Title 15. Commerce and Trade
Chapter 41. Consumer Credit Protection (Refs & Annos)
Subchapter I. Consumer Credit Cost Disclosure (Refs & Annos)
Part B. Credit Transactions (Refs & Annos)

### § 1635. Right of rescission as to certain transactions

(a) Disclosure of obligor's right to rescind

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(b) Return of money or property following rescission

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

(c) Rebuttable presumption of delivery of required disclosures

Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

(d) Modification and waiver of rights

The Board may, if it finds that such action is necessary in order to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of any rights created under this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

section to the extent and under the circumstances set forth in those regulations.

(e) Exempted transactions; reapplication of provisions

This section does not apply to--

**(1)** a residential mortgage transaction as defined in section 1602(w) of this title;

**(2)** a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;

**(3)** a transaction in which an agency of a State is the creditor; or

**(4)** advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

(g) Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

(h) Limitation on rescission

An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Board, or a comparable written notice of the rights of the obligor, that was properly completed by the creditor, and otherwise complied with all other requirements of this section regarding notice.

(i) Rescission rights in foreclosure

(1) In general

Notwithstanding section 1649 of this title, and subject to the time period provided in subsection (f) of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if--

**(A)** a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written notice, and otherwise complied with all the requirements of this section regarding notice.

(2) Tolerance for disclosures

Notwithstanding section 1605(f) of this title, and subject to the time period provided in subsection (f) of this section, for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

(3) Right of recoupment under State law

Nothing in this subsection affects a consumer's right of rescission in recoupment under State law.

(4) Applicability

This subsection shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995.

CREDIT(S)

(Pub.L. 90-321, Title I, § 125, May 29, 1968, 82 Stat. 153; Pub.L. 93- 495, Title IV, § § 404, 405, 412, Oct. 28, 1974, 88 Stat. 1517, 1519; Pub.L. 96-221, Title VI, § 612(a)(1), (3) to (6), Mar. 31, 1980, 94 Stat. 175, 176; Pub.L. 98-479, Title II, § 205, Oct. 17, 1984, 98 Stat. 2234; Pub.L. 104-29, § § 5, 8, Sept. 30, 1995, 109 Stat. 274, 275.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1968 Acts. House Report No. 1040 and Conference Report No. 1397, see 1968 U.S. Code Cong. and Adm. News, p. 1962.

1974 Acts. Senate Report No. 93-902 and House Conference Report No. 93- 1429, see 1974 U.S. Code Cong. and Adm. News, p. 6119.

1980 Acts. Senate Report Nos. 96-368 and 96-73, and House Conference Report No. 96-842, see 1980 U.S. Code Cong. and Adm. News, p. 236.

1984 Acts. House Conference Report No. 98-1103, see 1984 U.S. Code Cong. and Adm. News, p. 3817.

Amendments

1995 Amendments. Subsec. (h). Pub.L. 104-29, § 5, added subsec. (h).

Subsec. (i). Pub.L. 104-29, § 8, added subsec. (i).

1984 Amendments. Subsec. (e). Pub.L. 98-479 redesignated par. (1) as subsec. (e), redesignated subpars. (A), (B), (C), and (D) as pars. (1), (2), (3), and (4), respectively, and struck out par. (2) which read as follows: "The provisions of paragraph (1)(D) shall cease to be effective 3 years after the effective date of the Truth in Lending Simplification Reform Act."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 15. Commerce and Trade
Chapter 41. Consumer Credit Protection (Refs & Annos)
Subchapter I. Consumer Credit Cost Disclosure (Refs & Annos)
Part B. Credit Transactions (Refs & Annos)

**→§ 1640. Civil liability**

(a) Individual or class action for damages; amount of award; factors determining amount of award

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

**(1)** any actual damage sustained by such person as a result of the failure;

**(2)(A)** (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, or (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; or

**(B)** in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor;

**(3)** in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court; and

**(4)** in the case of a failure to comply with any requirement under section 1639 of this title, an amount equal to the sum of all finance charges and fees paid by the consumer, unless the creditor demonstrates that the failure to comply is not material.

In determining the amount of award in any class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. In connection with the disclosures referred to in subsections (a) and (b) of section 1637 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title, section 1637(a) of this title, or of paragraph (4), (5), (6), (7), (8), (9), or (10) of section 1637(b) of this title or for failing to comply with disclosure requirements under State law for any term or item which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms or items referred to in section 1637(a) of this title or any of those paragraphs of section 1637(b) of this title. In connection with the disclosures referred to in subsection (c) or (d) of section 1637 of this title, a card issuer shall have a liability under this section only to a cardholder who pays a fee described in section

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1637(c)(1)(A)(ii)(I) or section 1637(c)(4)(A)(i) of this title or who uses the credit card or charge card. In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title. With respect to any failure to make disclosures required under this part or part D or E of this subchapter, liability shall be imposed only upon the creditor required to make disclosure, except as provided in section 1641 of this title.

(b) Correction of errors

A creditor or assignee has no liability under this section or section 1607 of this title or section 1611 of this title for any failure to comply with any requirement imposed under this part or part E of this subchapter, if within sixty days after discovering an error, whether pursuant to a final written examination report or notice issued under section 1607(e)(1) of this title or through the creditor's or assignee's own procedures, and prior to the institution of an action under this section or the receipt of written notice of the error from the obligor, the creditor or assignee notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower.

(c) Unintentional violations; bona fide errors

A creditor or assignee may not be held liable in any action brought under this section or section 1635 of this title for a violation of this subchapter if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.

(d) Liability in transaction or lease involving multiple obligors

When there are multiple obligors in a consumer credit transaction or consumer lease, there shall be no more than one recovery of damages under subsection (a)(2) of this section for a violation of this subchapter.

(e) Jurisdiction of courts; limitations on actions; State attorney general enforcement

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law. An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs. The State attorney general shall provide prior written notice of any such civil action to the Federal agency responsible for enforcement under section 1607 of this title and shall provide the agency with a copy of the complaint. If prior notice is not feasible, the State attorney general shall provide notice to such agency immediately upon instituting the action. The Federal agency may--

**(1)** intervene in the action;

**(2)** upon intervening--

**(A)** remove the action to the appropriate United States district court, if it was not originally brought there; and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** be heard on all matters arising in the action; and

**(3)** file a petition for appeal.

(f) Good faith compliance with rule, regulation, or interpretation of Board or with interpretation or approval of duly authorized official or employee of Federal Reserve System

No provision of this section, section 1607(b) of this title, section 1607(c) of this title, section 1607(e) of this title, or section 1611 of this title imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(g) Recovery for multiple failures to disclose

The multiple failure to disclose to any person any information required under this part or part D or E of this subchapter to be disclosed in connection with a single account under an open end consumer credit plan, other single consumer credit sale, consumer loan, consumer lease, or other extension of consumer credit, shall entitle the person to a single recovery under this section but continued failure to disclose after a recovery has been granted shall give rise to rights to additional recoveries. This subsection does not bar any remedy permitted by section 1635 of this title.

(h) Offset from amount owed to creditor or assignee; rights of defaulting consumer

A person may not take any action to offset any amount for which a creditor or assignee is potentially liable to such person under subsection (a)(2) of this section against any amount owed by such person, unless the amount of the creditor's or assignee's liability under this subchapter has been determined by judgment of a court of competent jurisdiction in an action of which such person was a party. This subsection does not bar a consumer then in default on the obligation from asserting a violation of this subchapter as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under this subchapter.

(i) Class action moratorium

(1) In general

During the period beginning on May 18, 1995, and ending on October 1, 1995, no court may enter any order certifying any class in any action under this subchapter--

**(A)** which is brought in connection with any credit transaction not under an open end credit plan which is secured by a first lien on real property or a dwelling and constitutes a refinancing or consolidation of an existing extension of credit; and

**(B)** which is based on the alleged failure of a creditor--

**(i)** to include a charge actually incurred (in connection with the transaction) in the finance charge disclosed pursuant to section 1638 of this title;

**(ii)** to properly make any other disclosure required under section 1638 of this title as a result of the failure described in clause (i); or

**(iii)** to provide proper notice of rescission rights under section 1635(a) of this title due to the selection by the creditor of the incorrect form from among the model forms prescribed by the Board or from among forms based on such model forms.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(2) Exceptions for certain alleged violations

Paragraph (1) shall not apply with respect to any action--

**(A)** described in clause (i) or (ii) of paragraph (1)(B), if the amount disclosed as the finance charge results in an annual percentage rate that exceeds the tolerance provided in section 1606(c) of this title; or

**(B)** described in paragraph (1)(B)(iii), if--

**(i)** no notice relating to rescission rights under section 1635(a) of this title was provided in any form; or

**(ii)** proper notice was not provided for any reason other than the reason described in such paragraph.

CREDIT(S)

(Pub.L. 90-321, Title I, § 130, May 29, 1968, 82 Stat. 157; Pub.L. 93- 495, Title IV, § § 406, 407, 408(a) to (d), Oct. 28, 1974, 88 Stat. 1518; Pub.L. 94-222, § 3(b), Feb. 27, 1976, 90 Stat. 197; Pub.L. 94-240, § 4, Mar. 23, 1976, 90 Stat. 260; Pub.L. 96-221, Title VI, § 615, Mar. 31, 1980, 94 Stat. 180; Pub.L. 100-583, § 3, Nov. 3, 1988, 102 Stat. 2966; Pub.L. 103-325, Title I, § 153(a), (b), Sept. 23, 1994, 108 Stat. 2195; Pub.L. 104-12, § 2, May 18, 1995, 109 Stat. 161; Pub.L. 104-29, § 6, Sept. 30, 1995, 109 Stat. 274.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1968 Acts. House Report No. 1040 and Conference Report No. 1397, see 1968 U.S. Code Cong. and Adm. News, p. 1962.

1974 Acts. Senate Report No. 93-902 and House Conference Report No. 93- 1429, see 1974 U.S. Code Cong. and Adm. News, p. 6119.

1976 Acts. Senate Report No. 94-472, see 1976 U.S. Code Cong. and Adm. News, p. 287.

Senate Report No. 94-590 and House Conference Report No. 94-872, see 1976 U.S. Code Cong. and Adm. News, p. 431.

1980 Acts. Senate Report Nos. 96-368 and 96-73, and House Conference Report No. 96-842, see 1980 U.S. Code Cong. and Adm. News, p. 236.

1988 Acts. Senate Report No. 100-259 and House Conference Report No. 100- 1069, see 1988 U.S. Code Cong. and Adm. News, p. 3936.

1994 Acts. Senate Report No. 103-169 and House Conference Report No. 103- 652, see 1994 U.S.Code Cong. and Adm.News, p. 1881.

Amendments

1995 Amendments. Subsec. (a)(2)(A). Pub.L. 104-29, § 6, struck out "or" preceding "(ii)" and inserted ", or (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000".

Subsec. (i). Pub.L. 104-12, § 2, added subsec. (i).

1994 Amendments. Subsec. (a)(4). Pub.L. 103-325, § 153(a), added par. (4).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

12 C.F.R. § 226.18

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 12. Banks and Banking
Chapter II. Federal Reserve System
Subchapter A. Board of Governors of the Federal Reserve System
Part 226. Truth in Lending (Regulation Z) (Refs & Annos)
Subpart C. Closed-End Credit

**→§ 226.18 Content of disclosures.**

For each transaction, the creditor shall disclose the following information as applicable:

(a) Creditor. The identity of the creditor making the disclosures.

(b) Amount financed. The amount financed, using that term, and a brief description such as the amount of credit provided to you or on your behalf. The amount financed is calculated by:

(1) Determining the principal loan amount or the cash price (subtracting any downpayment);

(2) Adding any other amounts that are financed by the creditor and are not part of the finance charge; and

(3) Subtracting any prepaid finance charge.

(c) Itemization of amount financed.

(1) A separate written itemization of the amount financed, including: [FN40]

[FN40] Good faith estimates of settlement costs provided for transactions subject to the Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq.) may be substituted for the disclosures required by paragraph (c) of this section.

(i) The amount of any proceeds distributed directly to the consumer.

(ii) The amount credited to the consumer's account with the creditor.

(iii) Any amounts paid to other persons by the creditor on the consumer's behalf. The creditor shall identify those persons. [FN41]

[FN41] The following payees may be described using generic or other general terms and need not be further identified: public officials or government agencies, credit reporting agencies, appraisers, and insurance companies.

(iv) The prepaid finance charge.

(2) The creditor need not comply with paragraph (c)(1) of this section if the creditor provides a statement that the consumer has the right to receive a written itemization of the amount financed, together with a space for the consumer to indicate whether it is desired, and the consumer does not request it.

(d) Finance charge. The finance charge, using that term, and a brief description such as "the dollar amount the credit will cost you."

(1) Mortgage loans. In a transaction secured by real property or a dwelling, the disclosed finance charge and other disclosures affected by the disclosed finance charge (including the amount financed and the annual percentage rate) shall be treated as accurate if the amount disclosed as the finance charge:

(i) Is understated by no more than $100; or

(ii) Is greater than the amount required to be disclosed.

(2) Other credit. In any other transaction, the amount disclosed as the finance charge shall be treated as accurate if, in a transaction involving an amount financed of $1,000 or less, it is not more than $5 above or below the amount required to be disclosed; or, in a transaction involving an amount financed of more than $1,000, it is not more than $10 above or below the amount required to be disclosed.

(e) Annual percentage rate. The annual percentage rate, using that term, and a brief description such as "the cost of your credit as a yearly rate." [FN42]

[FN42] For any transaction involving a finance charge of $5 or less on an amount financed of $75 or less, or a finance charge of $7.50 or less on an amount financed of more than $75, the creditor need not disclose the annual percentage rate.

(f) Variable rate.

(1) If the annual percentage rate may increase after consummation in a transaction not secured by the consumer's principal dwelling or in a transaction secured by the consumer's principal dwelling with a term of one year or less, the following disclosures: [FN43]

[FN43] Information provided in accordance with §§ 226.18(f)(2) and 226.19(b) may be substituted for the disclosures required by paragraph (f)(1) of this section.

(i) The circumstances under which the rate may increase.

(ii) Any limitations on the increase.

(iii) The effect of an increase.

(iv) An example of the payment terms that would result from an increase.

(2) If the annual percentage rate may increase after consummation in a transaction secured by the consumer's principal dwelling with a term greater than one year, the following disclosures:

(i) The fact that the transaction contains a variable-rate feature.

(ii) A statement that variable-rate disclosures have been provided earlier.

(g) Payment schedule. The number, amounts, and timing of payments scheduled to repay the obligation.

(1) In a demand obligation with no alternate maturity date, the creditor may comply with this paragraph by disclosing the due dates or payment periods of any scheduled interest payments for the first year.

(2) In a transaction in which a series of payments varies because a finance charge is applied to the unpaid principal

balance, the creditor may comply with this paragraph by disclosing the following information:

(i) The dollar amounts of the largest and smallest payments in the series.

(ii) A reference to the variations in the other payments in the series.

(h) Total of payments. The total of payments, using that term, and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments." [FN44]

[FN44] In any transaction involving a single payment, the creditor need not disclose the total of payments.

(i) Demand feature. If the obligation has a demand feature, that fact shall be disclosed. When the disclosures are based on an assumed maturity of 1 year as provided in § 226.17(c)(5), that fact shall also be disclosed.

(j) Total sale price. In a credit sale, the total sale price, using that term, and a descriptive explanation (including the amount of any downpayment) such as "the total price of your purchase on credit, including your downpayment of $___." The total sale price is the sum of the cash price, the items described in paragraph (b)(2), and the finance charge disclosed under paragraph (d) of this section.

(k) Prepayment.

(1) When an obligation includes a finance charge computed from time to time by application of a rate to the unpaid principal balance, a statement indicating whether or not a penalty may be imposed if the obligation is prepaid in full.

(2) When an obligation includes a finance charge other than the finance charge described in paragraph (k)(1) of this section, a statement indicating whether or not the consumer is entitled to a rebate of any finance charge if the obligation is prepaid in full.

(l) Late payment. Any dollar or percentage charge that may be imposed before maturity due to a late payment, other than a deferral or extension charge.

(m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

(n) Insurance and debt cancellation. The items required by § 226.4(d) in order to exclude certain insurance premiums and debt cancellation fees from the finance charge.

(o) Certain security interest charges. The disclosures required by § 226.4(e) in order to exclude from the finance charge certain fees prescribed by law or certain premiums for insurance in lieu of perfecting a security interest.

(p) Contract reference. A statement that the consumer should refer to the appropriate contract document for information about nonpayment, default, the right to accelerate the maturity of the obligation, and prepayment rebates and penalties. At the creditor's option, the statement may also include a reference to the contract for further information about security interests and, in a residential mortgage transaction, about the creditor's policy regarding assumption of the obligation.

(q) Assumption policy. In a residential mortgage transaction, a statement whether or not a subsequent purchaser of the dwelling from the consumer may be permitted to assume the remaining obligation on its original terms.

(r) Required deposit. If the creditor requires the consumer to maintain a deposit as a condition of the specific transaction, a statement that the annual percentage rate does not reflect the effect of the required deposit. [FN45]

[FN45] A required deposit need not include, for example: (1) An escrow account for items such as taxes, insurance or repairs; (2) a deposit that earns not less than 5 percent per year; or (3) payments under a Morris Plan.

[46 FR 20892, April 7, 1981; 46 FR 29246, June 1, 1981; 52 FR 48670, Dec. 24, 1987; 61 FR 49246, Sept. 19, 1996]

SOURCE: Reg. Z, 46 FR 20892, Apr. 7, 1981; 52 FR 43181, Nov. 9, 1987; 54 FR 13864, April 6, 1989; 56 FR 13754, April 4, 1991; 58 FR 17084, April 1, 1993; 59 FR 40204, Aug. 5, 1994, unless otherwise noted.

AUTHORITY: 12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

12 C. F. R. § 226.18, 12 CFR § 226.18

Current through November 2, 2006; 71 FR 64477

Copr. © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 12. Banks and Banking
Chapter II. Federal Reserve System
Subchapter A. Board of Governors of the Federal Reserve System
Part 226. Truth in Lending (Regulation Z) (Refs & Annos)
Subpart C. Closed-End Credit

**➡§ 226.23 Right of rescission.**

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [FN47]

[FN47] For purposes of this section, the addition to an existing obligation of a security interest in a consumer's principal dwelling is a transaction. The right of rescission applies only to the addition of the security interest and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new material disclosures. Delivery of the required notice shall begin the rescission period.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [FN48] whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

[FN48] The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d).

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)(1) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(c) Delay of creditor's performance. Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

(e) Consumer's waiver of right to rescind.

(1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest. [FN48a] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[FN48a] A list of the affected areas will be maintained by the Board.

(3) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in the South. [FN48b] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[FN48b] A list of the affected areas will be maintained and published by the Board. Such areas now include parts of Alabama, Florida, and Georgia.

(4) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during October 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in Texas. [FN48c] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[FN48c] A list of the affected areas will be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

maintained and published by the Board. Such areas now include the following counties in Texas: Angelina, Austin, Bastrop, Brazos, Brazoria, Burleson, Chambers, Fayette, Fort Bend, Galveston, Grimes, Hardin, Harris, Houston, Jackson, Jasper, Jefferson, Lee, Liberty, Madison, Matagorda, Montgomery, Nacagdoches, Orange, Polk, San Augustine, San Jacinto, Shelby, Trinity, Victoria, Washington, Waller, Walker, and Wharton.

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction.

(2) A refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling. The right of rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation.

(3) A transaction in which a state agency is a creditor.

(4) An advance, other than an initial advance, in a series of advances or in a series of single-payment obligations that is treated as a single transaction under § 226.17(c)(6), if the notice required by paragraph (b) of this section and all material disclosures have been given to the consumer.

(5) A renewal of optional insurance premiums that is not considered a refinancing under § 226.20(a)(5).

(g) Tolerances for accuracy--

(1) One-half of 1 percent tolerance. Except as provided in paragraphs (g)(2) and (h)(2) of this section, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than 1/2 of 1 percent of the face amount of the note or $100, whichever is greater; or

(ii) is greater than the amount required to be disclosed.

(2) One percent tolerance. In a refinancing of a residential mortgage transaction with a new creditor (other than a transaction covered by § 226.32), if there is no new advance and no consolidation of existing loans, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than 1 percent of the face amount of the note or $100, whichever is greater; or

(ii) is greater than the amount required to be disclosed.

(h) Special rules for foreclosures--

(1) Right to rescind. After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the consumer shall have the right to rescind the transaction if:

(i) A mortgage broker fee that should have been included in the finance charge was not included; or

(ii) The creditor did not provide the properly completed appropriate model form in Appendix H of this part, or a substantially similar notice of rescission.

(2) Tolerance for disclosures. After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than $35; or

(ii) is greater than the amount required to be disclosed.

[51 FR 45299, Dec. 18, 1986; 51 FR 47106, Dec. 30, 1986; 58 FR 40583, July 29, 1993; 59 FR 40204, Aug. 5, 1994; 59 FR 63715, Dec. 9, 1994; 60 FR 15471, March 24, 1995; 61 FR 49246, Sept. 19,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1996; 66 FR 17338, March 30, 2001; 66 FR 41440, Aug. 8, 2001]

12 C. F. R. § 226.23, 12 CFR § 226.23

Current through July 13, 2006; 71 FR 40001

Copr. © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.