UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MATTHEW FALCONE :
:
vs. : C.A. No. 06-363 T
:
OPTION ONE MORTGAGE Corp. and :
SOUTH COUNTY MORTGAGE CORP. :

**DEFENDANT OPTION ONE MORTGAGE CORP.'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT AND FOR ENTRY OF DEFAULT AGAINST THE PLAINTIFF AS TO THE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO COMPLY WITH THIS COURT'S DISCOVERY and PRE-TRIAL ORDER**

Defendant Option One Mortgage Corp. hereby moves for an order of this Court dismissing the plaintiff's claims against it and entry of default against the plaintiff as to the defendant's counterclaim and asserts as grounds therefore that the plaintiff has failed to provide more responsive answers to interrogatories (Exhibit A attached hereto) and requests for production of documents (Exhibits B and C attached hereto) as ordered by this Court on October 18, 2007. A copy of the Court's Text Order is attached as Exhibit D. Further, the plaintiff has failed to file a Pre-trial Memorandum as directed by this Court's Order dated October 3, 2007 (document #26). In support of this motion, the Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

OPTION ONE MORTGAGE CORP.,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

I hereby certify that I made a good faith effort to resolve this dispute prior to filing this motion by placing two calls to plaintiff's counsel, Marty Marran, Esq., which were not returned.

/s/ Patricia A. Buckley

CERTIFICATION

I hereby certify that on the 18th day of January, 2008, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Albert E. Medici, Jr., Esq., amedici@medicisciacca.com and Marty Marran, Esq., jhugostraight@yahoo.com, will receive notice through the ECF system. Further, a copy of the within was mailed to the plaintiff, Matthew Falcone, 31 America Street, Providence, RI, 02903 on January 18th, 2008.

.

/s/ Patricia A. Buckley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MATTHEW FALCONE | : | |
| | : | |
| vs. | : | C.A. No. 06-363 T |
| | : | |
| OPTION ONE MORTGAGE Corp. and SOUTH COUNTY MORTGAGE CORP. | : | |

**DEFENDANT, OPTION ONE MORTGAGE CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT AND FOR ENTRY OF DEFAULT AGAINST THE PLAINTIFF AS TO THE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO COMPLY WITH THIS COURT'S DISCOVERY ORDER**

In support of its Motion to Dismiss the plaintiff's Complaint and for Entry of Default Against the Plaintiff as to the Defendant's Counterclaim, Option One Mortgage Corp. states as grounds therefore the following:

1. Two interrogatories and five Requests for Production were served upon the plaintiff on May 4, 2007. On August 26, 2007, the plaintiff provided responses attached hereto as Exhibits A and C. The Request for Production is attached hereto as Exhibit B.
2. Discovery in this matter closed on August 3, 2007.
3. The plaintiff's response to the two interrogatories posed was insufficient. One of the plaintiff's claims in this matter concerns what he has identified in his complaint as a $95.00 discrepancy in the financing disclosure made to the plaintiff in connection with the mortgage loan provided to him by defendant, Option One. He has claimed that this discrepancy violates the Truth in Lending Act and is grounds for rescission of the loan. The

interrogatories posed seek, in a very limited fashion, to obtain from the plaintiff how this alleged discrepancy was calculated and the documents or other sources which support his claim. The interrogatories were necessitated by the plaintiff's inability to provide information of any kind about this portion of his claim at his deposition. In response to the discovery, the plaintiff has simply stated "I did not make the determination myself," and has provided a name, address and phone number of someone in either Iowa or Indiana (the state is impossible to make out) that he "relied on". These answers are not properly responsive to the interrogatories and seek to avoid the plaintiff's obligation to identify his claim and the manner in which he calculated it by hiding behind the sentence "I did not make the determination myself". The defendant is entitled to know the basis for the plaintiff's claim and the plaintiff is obligated to provide an explanation for it in response to perfectly proper interrogatories. Otherwise, the plaintiff will be permitted to utterly avoid his discovery obligations and successfully stymie the defendant's efforts to simply determine what the claim is about by remaining, apparently, blissfully ignorant about it. No matter who "determined" the alleged fact of the $95.00 understatement, this claim belongs to the plaintiff and he is obligated to provide an appropriate explanation for it or admit that there is no explanation for it.

4. In response to the defendant's 5 requests for production (Exhibit B), plaintiff's counsel, Mr. Marran forwarded a letter indicating that he had previously provided "my client's entire physical file" and he had no other documents to

provide. On July 19, 2007, Mr. Marran provided to the defendant a folder of paperwork which his client had referred to at his deposition and which had been previously requested by the defendant. The documents consist of some computer print-outs and scraps of paper that are not organized in any manner. None of the material in this paperwork is readily identifiable to virtually any of the issues covered by the Request for Production – which includes the $95 understatement issue. The plaintiff cannot simply throw a pile of documents at the defendant and, essentially, challenge the defendant to make sense of it and figure out what might or might not be responsive to five very specific, very limited production requests. The plaintiff must give the defendant an idea about which of the documents are responsive to which specific requests or state that he has no responsive documents.

5. Option One filed a Motion to Compel More Responsive Answers on September 26, 2007 (document # 24). Magistrate Judge Almond granted the Motion by Text Order dated October 18, 2007 (copy attached as Exhibit D) in light of the plaintiff's failure to object to the Motion. Since that time, the plaintiff has not provided more responsive answers to the defendant.

6. Option One's Pre-trial Memorandum was filed on October 2, 2007 (document #25). Co-defendant South County Mortgage filed its Pre-trial Memorandum on October 31, 2007 (document #27). The plaintiff has failed to file a Pre-trial Memorandum in accordance with the Order of this Court.

7. The plaintiff has repeatedly ignored, delayed and stonewalled over even the very minimal discovery that has occurred in this case. The defendant's

discovery requests are reasonable, limited, necessary to a proper defense of this action and the plaintiff must be forced to comply with the rules of this court and sanctioned for his failure to do so.

8. Given the plaintiff's willful flaunting of the Orders of this Court, the defendant believes that the sanctions of dismissal and default are warranted.

WHEREFORE, defendant Option One Mortgage Corp. respectfully requests that its Motion be granted, that the plaintiff's claims against Option One Mortgage Corp. be dismissed with prejudice and that default enter against the plaintiff as to Option One Mortgage Corp.'s Counterclaim against the plaintiff.

OPTION ONE MORTGAGE CORP.,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

## CERTIFICATION

I hereby certify that on the 18th day of January, 2008, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Albert E. Medici, Jr., Esq., amedici@medicisciacca.com and Marty Marran, Esq., jhugostraight@yahoo.com, will receive notice through the ECF system. Further, a copy of the within was mailed to the plaintiff, Matthew Falcone, 31 America Street, Providence, RI, 02903 on January 18th, 2008.

.

/s/ Patricia A. Buckley