UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MATTHEW FALCONE                                   :
                                                  :
         v.                                       :        C.A. No. 06-363ML
                                                  :
OPTION ONE MORTGAGE CORP.,                        :
SOUTH COUNTY MORTGAGE CORP.                        :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


      This matter is before the Court on Defendant South County Mortgage Corporation's ("South

County") Motion to Dismiss Plaintiff's claims against it for lack of subject matter jurisdiction

(Document No. 43) and Defendant Option One Mortgage Corporation's ("Option One") Motion to

Voluntarily Dismiss Count I of its Counterclaim. (Document No. 44).  Plaintiff did not file an

objection to either Motion.  The Motions have been referred to this Court for preliminary review,

findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). For the reasons set

forth herein, I recommend that the Motions to Dismiss be GRANTED.

      Plaintiff commenced this pro se action on August 10, 2006 seeking recision of a residential

mortgage loan due to alleged violations of the federal Truth in Lending Act ("TILA") and the Rhode

Island Unfair and Deceptive Practices Act.  Option One was the lender for the loan, and South

County was the broker for the loan. Document No. 1 ¶¶ 2, 3.  After a protracted period of discovery

which was compounded, at times, by Plaintiff's failure to comply with the Court's orders, District

Judge Torres granted the dismissal of Plaintiff's Complaint against Option One and granted default

judgment to Option One as to one of its counterclaims.  (See Text Order, dated April 23, 2008).

Thus, the only live claims in this matter are Plaintiff's claims against South County and a single remaining counterclaim by Option One against Plaintiff.

The Court turns first to Option One's request to voluntarily dismiss Count I of its counterclaim. As noted, Plaintiff's claims against Option One were dismissed in April 2008, and at the same time, Option One was granted default judgment as to Count II of its counterclaim to quiet title to the subject property. Thereafter, Option One foreclosed on and sold the subject property, apparently leaving a significant deficiency. Option One's first counterclaim was for breach of contract, and would have allowed Option One to pursue the claimed deficiency created following the sale of the property. Option One has chosen not to pursue that deficiency in this proceeding and now moves to voluntarily dismiss Count I without prejudice. Plaintiff did not object to the Motion, and I recommend that Option One's Motion for Voluntary Dismissal, without prejudice, of its remaining counterclaim (Document No. 44) be GRANTED.

Next, the Court addresses the claims against South County. In Count II of his Complaint, Plaintiff alleges that South County violated the Rhode Island Unfair and Deceptive Practices Act, R.I. Gen. Laws § 6-13.1-2, in connection with receiving a yield spread premium from Option One. Plaintiff does not assert any claims against South County which raise a federal question pursuant to 28 U.S.C. § 1331. Therefore, in the absence of independent diversity jurisdiction under 28 U.S.C. § 1332, the Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367 in order to maintain subject matter jurisdiction over the claims against South County.

South County moves to dismiss the claim against it, arguing that there is no subject matter jurisdiction and that the Court should not exercise supplemental jurisdiction. Section 1367, 28 U.S.C., provides that a district court with original jurisdiction over a civil action "shall have

supplemental jurisdiction over all other claims that are so related to claims in the action...that they form part of the same case or controversy under Article III of the United States Constitution..." South County concedes that the claims against it and against Option One originated from the same real estate closing, but South County contends that the "substance[ ] of the allegations against each defendant...are completely separate and unrelated." Document No. 43-2 at 3. South County argues that the claims against Option One arise from its alleged failure to provide Plaintiff with a copy of his right to rescind the transaction, while the claims against South County concern Plaintiff's objection to the payment of certain fees from Option One to South County. Id. Thus, Couth County argues that the claims are not "so related" that the Court has supplemental jurisdiction over the state law claims against it. South County also argues, however, that even if the claims against it were "related" to the claims against Option One, the Court could still decline to exercise supplemental jurisdiction since all the claims against Option One have been dismissed, leaving the Court without original jurisdiction over any pending claims. See 28 U.S.C. § 1367(c)(3). South County's arguments are availing. Although the claims in this case arise out of the same real estate transaction, they fail to satisfy the requirement that they are "so related...that they form part of the same case or controversy." 28 U.S.C. § 1367. In addition, the Court has dismissed the federal TILA claim against the Co-defendant Option One which gave the Court original jurisdiction in the first instance. 28 U.S.C. § 1367(c)(3). Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims against South County.

## CONCLUSION

For these reasons, I recommend that both Option One's Motion to Voluntary Dismiss, without prejudice, its remaining counterclaim (Document No. 44) and South County's Motion to

Dismiss Plaintiff's state law claim against it for lack of subject matter jurisdiction (Document No.

43) be GRANTED.  Any objection to this Report and Recommendation must be specific and must

be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR

Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review

by the District Court and the right to appeal the District Court's decision.  See United States v.

Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d

603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 21, 2009